[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#109)
On June 21, 1995, the plaintiffs, George C. and Mary Catherine Hlavaceck, and George A. Hlavaceck, by his parents and next friends, George and Mary Catherine, filed a two count complaint against the defendant Bridgeport Hospital. In count one, George A. Hlavaceck alleges medical malpractice against the defendant. In count two, George C. and Mary Catharine Hlavaceck ("the parents") allege either bystander emotional distress or negligent infliction of emotional distress. The plaintiff's allege in their complaint that George A. Hlavaceck was born at Bridgeport Hospital and that, during his admission to the hospital, his rectum was perforated during the insertion of a rectal thermometer.
On December 22, 1995, the defendant filed a motion to strike count two on the ground that a bystander emotional distress claim is not allowed in the context of a medical malpractice action, and that a claim for negligent infliction of emotional distress is legally insufficient because the defendant owed no duty to the parents. The plaintiffs filed a memorandum of law in opposition on January 25, 1996 arguing both that they have stated a claim for medical expenses, and that they have also sufficiently stated a claim for negligent infliction of emotional distress.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, CT Page 2452 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id."A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215.
The defendant contends that if, in the second count, the parents allege a cause of action in bystander emotional distress, it is barred by the decision in Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988), and if the parents allege a cause of action in negligent infliction of emotional distress the defendant owes no duty to the parents.
The parents argue that count two also contains a claim to recover medical expenses for the treatment of their child, and that the defendant owed a duty to the parents based upon their entrustment of their child to it.
The plaintiff's rely upon Doe v. Cuomo, 43 Conn. Sup. 222
(1994, Lavine, J.) in which the court determined that a duty existed by contract because the parents entrusted their child to a guest in their home. Id., 235-36. The court further stated that "[f]rom a legal perspective, the relationship between parent and child is of such significance as to be constitutionally protected. . . . From a practical standpoint, no one can seriously question that fear or grief for one's child is as likely to cause physical injury as concern over one's own well being." (Internal quotation marks omitted.) Id., 236. The Doe decision, however, was in the context of a sexual assault action, not a medical malpractice action.
Numerous courts have held that during the birth of a child a doctor owes a duty to the mother based upon the physician-patient relationship, and therefore, a claim for negligent infliction of emotional distress may arise out of childbirth. See Casner v. Fine, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462895 (May 22, 1995, Handy, J.); Stapleton v. S.H.E. Medical Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536586 (May 18, 1995, Sheldon, J.); Tyrrellv. Cassell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304981 (February 27, 1995, Thim, J.);Johnson v. Kaiser Foundation Health Plan, Superior Court, judicial district of New Haven at New Haven, Docket No. 031241 CT Page 2453 (May 18, 1994, Gray, J.); Hall v. Mt. Sinai Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 516071 (January 27, 1993, Hale, J.); Hyland v. State,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 398956 (August 6, 1992, Aurigemma, J.);Shipp v. Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 273423 (February 20, 1991, Nigro, J.); Rockford v. Hartford Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 369419 (July 18, 1990, Hennessey, J.); Starr v. Merdinolu,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 093948 (November 1, 1990, Cioffi, J.).
The issue of whether the defendant owed the parents a "[d]uty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant." (Citations omitted; internal quotation marks omitted.) RK Constructors v. Fusco Corp., supra, 231 Conn. 385. In Maloney v. Conroy, supra, 208 Conn. 401, the court stated that "it takes no great prescience to realize that friends or relatives of a seriously injured accident victim will probably be affected emotionally in some degree;" however, the court declined to recognize a cause of action for bystander emotional distress in the context of a medical malpractice action because of the detrimental societal repercussions of allowing such an action. Id., 402-04.
"Other judges of this court have consistently differentiated between claims of emotional distress raised by mothers based on alleged negligence in the birthing process and those which are based on post-partum treatment of the child."Stapleton v. S.H.E. Medical Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536586 (May 18, 1995, Sheldon, J.). In Davis v. Mount Sinai Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 539910 (January 31, 1995, Wagner, J.), in which an infant was injured by the negligence of employees of the hospital five days after birth, the court determined that such a claim was one in bystander emotional distress, not CT Page 2454 negligent infliction of emotional distress, and therefore, was legally insufficient under Maloney v. Conroy, supra, 208 Conn. 392. Moreover, in regard to a father's claim for emotional distress the court in Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J.) noted that "it would be difficult to contemplate the rationality of a jurisdiction which would deny recovery under the holding ofMaloney to a father if he labeled his action as one for bystander emotional distress but then allow recovery to the same type of injury when he put a different label on his claim — negligent infliction of emotional distress." The court recognized that the two causes of action rely upon different elements, but argued that each present the same concerns over the societal impact of allowing such actions. Id.
The allegations in count two of the plaintiff's complaint are an attempt to semantically evade the strictures of Maloney.
Nevertheless, the parents in paragraph seventeen of count two have also alleged a legally sufficient claim for expenditures made on behalf of their child for medical treatment. SeeDzenutis v. Dzenutis, 200 Conn. 290, 308, 512 A.2d 130 (1986). If any part of a count states a legally sufficient cause of action, then that count is not subject to a motion to strike. See Farago v. Pfizer, Superior Court, judicial district of New London at New London, Docket No. 524911 (May 18, 1993, Teller, J.); Frank v. Zdanis, Superior Court, judicial district of Waterbury, Docket No. 103904 (October 20, 1992, Blue, J.);Durkin v. First Healthcare Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 350622 (October 18, 1990, Freed, J.). Accordingly, although the plaintiff's claim for negligent infliction of emotional distress/bystander emotional distress is legally insufficient, the defendant's motion to strike count two is denied.
BALLEN, J.